### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WENDY WITT,<br>　　　*Plaintiff,* | ) | CASE NO. 3:22-CV-01489 (KAD) |
| | ) | |
| 　　v. | ) | |
| | ) | |
| STEFONSKI *et. al.*,<br>　　　*Defendants.* | ) | MARCH 19, 2024 |

<u>**MEMORANDUM OF DECISION**</u>
**RE: MOTION TO DISMISS BY DEFENDANTS' ARMSTRONG, POWELL, TOWN OF STONINGTON D/B/A STONGINGTON POLICE DEPARTMENT, TOWN OF STONGINGTON BODY CORPORATE AND BODY POLITIC (ECF NO. 22)**

Kari A. Dooley, United States District Judge:

Plaintiff Wendy Witt ("Plaintiff") brings this action, *pro se*, asserting various claims, each arising out of an incident at her home on May 24, 2019. She brings state law claims sounding in trespass and injurious falsehood against Defendant Stefonski ("Stefonski"), and civil rights violations under 42 U.S.C. § 1983 against Defendants Ryan Armstrong, Officer Powell, and the Town of Stonington and its Police Department (collectively, the "Town Defendants"). On July 20, 2023, the Town Defendants filed a motion to dismiss the case against them in its entirety, arguing that Plaintiff's claims are barred under the applicable statute of limitations as well as the doctrines of *res judicata* and collateral estoppel. For the reasons that follow, the motion is GRANTED.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010). When reviewing a Rule 12(b)(6) motion to dismiss, the court is limited to the allegations in the complaint, taken as true, and to documents attached to, incorporated by or otherwise integral to the plaintiff's complaint. *See Mercer v. Schriro*, 337 F. Supp. 3d 109, 134 (D. Conn. 2018); *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

**Facts and Procedural History**

Plaintiff is a "senior citizen, doctor, and first responder" in Stonington, Connecticut. Compl. at 2, ECF No. 1. Plaintiff alleges that she owns a home in Stonington and has previously been a victim of domestic violence at the hands of Stefonski, her former boyfriend. *Id.* at 7, 10. On May 24, 2019, Plaintiff called the police to request removal of Stefonski from her home. *Id.* at 4. When the police officers, Defendants Powell and Armstrong, arrived at the scene, Plaintiff informed them that she had asked Stefonski to leave herself "but feared domestic violence at his hands." *Id.* at 11. Stefonski allegedly "deemed" Plaintiff's home as his own "as if he had ownership rights in it" and had no intention of leaving it without an escalated encounter. *Id.* Plaintiff alleges that Stefonski had previously been arrested earlier in 2019 for domestic abuse involving Plaintiff by an off-duty officer, and that he was on probation at the time of his arrest. *Id.* at 7. According to Plaintiff, any reasonable person would have understood Stefonski to be the "dominant aggressor"

in the situation. *Id.* at 7. However, after speaking with Stefonski, the officers determined that Plaintiff had assaulted him and subsequently placed her under arrest. *Id.* at 7-10. Plaintiff alleges that she was "carted off from her home before her neighbors like a common criminal" while Stefonski, the actual aggressor and trespasser, was "treated as a guest and victim in her home." *Id.* at 4-5.

Plaintiff alleges that as a result of the Defendants' conduct, she has nightmares, no longer feels protected nor safe, has suffered a loss of reputation, and experiences chronic depression, anxiety, and PTSD. *Id.* at 12. Plaintiff now brings state law claims alleging trespass and injurious falsehood against Stefonski. She also alleges violations of the First, Fourth, and Fourteenth Amendments under 42 U.S.C. § 1983 against the Town Defendants. As to the Town Defendants, she alleges that they were on notice of Connecticut's "dominant aggressor law," which she alleges "would require law enforcement to arrest only the most significant aggressor or the person who poses the most serious ongoing threat." *Id.* at 6. Plaintiff asserts that Stefonski should have been the "dominant aggressor in the eyes of the law" and yet the Town Defendants arrested her, failing to exercise the "duty of care" owed to her. *Id.* at 7.

**Discussion**

"While a statute of limitations defense is most often pleaded as an affirmative defense and may require a factual inquiry beyond the face of the complaint, a defendant may raise the statute of limitations in a Rule 12(b)(6) motion where the dates in a complaint show that an action is barred by a statute of limitations." *Chisholm v. United of Omaha Life Ins. Co.*, 514 F. Supp. 2d 318, 324 (D. Conn. 2007) (quotation marks, alterations, and citation omitted); *see also Royal v. Ret. Bd. of the Bert Bell/Pete Rozelle NFL Ret. Plan*, No. 20-4184, 2021 WL 4484925, at *1 (2d Cir. Oct. 1, 2021) ("A defendant may raise the affirmative defense that a claim is barred by the

statute of limitations in a motion to dismiss if that defense is apparent from the face of the complaint."). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

In Connecticut, the statute of limitations for filing an action under Section 1983 is three years. *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998); *see also Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (applying Conn. Gen. Stat. § 52–577 to § 1983 actions). Plaintiff unequivocally alleges that the events giving rise to her claims occurred on May 24, 2019. *See* Compl. at 6, 7, 10. The statute of limitations on her Section 1983 claims therefore ran on May 24, 2022. Plaintiff filed her Complaint on November 18, 2022, six months later. As a result, Plaintiff's Section 1983 claims are time-barred under the applicable statute of limitations.

In her response to the Town Defendants' motion, Plaintiff appears to assert that the applicable statute of limitations should be tolled because she has pled fraud – specifically, because the Defendants "actively and passively employed means to conceal the wrongdoing …" Pl.'s Resp. to Mot. to Dismiss at 2, ECF No. 23. However, Plaintiff's Complaint cannot be fairly read to include allegations of fraudulent concealment or any basis for equitable tolling and she only raises the specter of these arguments for the first time in her Response. Nevertheless, mindful of Plaintiff's *pro se* status, the Court considers these issues. *See Rodriguez v. Rodriguez*, No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the Court is typically confined to the allegations contained within the four corners of the complaint, when analyzing the sufficiency of a *pro se* pleading, a court may consider factual allegations contained in a *pro se* litigant's opposition papers and other court filings.") (internal citations omitted).

"Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of [his or her] claim." *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 182 (2d Cir. 2008) (internal citations omitted). The fraudulent concealment doctrine applies to plaintiffs who "may benefit from equitable tolling in the event that specific steps were taken by a defendant to conceal its actions," even after a claim has already accrued. *Perry v. City of Stamford*, 996 F. Supp. 2d 74, 83 (D. Conn. 2014). Crucially, "[f]raudulent concealment for purposes of tolling the statute of limitations must not be presumed, but must be strictly proven with clear, precise and unequivocal evidence." *Fenn v. Yale Univ.*, 283 F. Supp. 2d 615, 637 (D. Conn. 2003) (internal citations omitted). Here, Plaintiff has not articulated with any specificity how Defendants took any steps to conceal their wrongdoing thereby obscuring the existence of Plaintiff's cause of action. Instead, she summarily concludes that "the parties named in [the] suit overtly and covertly together and apart circumvented the intent of the law without violating the wording which by definition is a form of 'fraud' …" Pl.'s Resp. at 3. For this reason alone, Plaintiff's assertion of equitable tolling based upon fraudulent concealment fails. *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) (to take advantage of the doctrine of equitable tolling based on fraudulent concealment, "a plaintiff must submit non-conclusory evidence of a conspiracy or other fraudulent wrong which precluded his possible discovery of the harms that he suffered").

The inadequacy of the allegations aside, Plaintiff's Complaint conclusively belies her own argument. Plaintiff's Complaint details the alleged violations of her constitutional and other rights occurring on May 24, 2019, when she was allegedly arrested without probable cause; arrested in violation of the "dominant aggressor" statute; paraded before her neighbors as if a "common criminal" and "carted off" (presumably) to jail. Compl. at 4-5. These allegations cannot plausibly

be reconciled with an accusation that the Town Defendants conspired to conceal any potential causes of action from Plaintiff. The only reasonable conclusion to be drawn from these allegations is that Plaintiff was aware of these wrongs, and therefore these causes of action at the time these events unfolded.

Finally, to place the issue of the statute of limitations beyond any possible doubt, the Court takes judicial notice of Plaintiff's prior civil action against Officer Armstrong, wherein Plaintiff asserted substantially the same claims arising out of the events of May 24, 2019. *See Witt v. Armstrong*, No. 3:20-CV-1570 (SVN), ECF No. 1.[1] The complaint in that action was filed on October 19, 2020, well within the applicable statute of limitations, and similarly at odds with Plaintiff's assertion that the federal causes of action were somehow concealed from her by the Defendants. The Court therefore rejects Plaintiff's argument that fraudulent concealment should apply to toll the applicable statute of limitations.

**Conclusion**

Because the Court finds that Plaintiff's federal claims are time-barred, it declines to exercise supplemental jurisdiction over her state law claims against the Town Defendants or the non-appearing Defendant Stefonski.[2] *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) (district courts should decline exercising supplemental jurisdiction over state law claims

---

[1] Notably, Plaintiff had counsel in the prior litigation. Therein, after full briefing and oral argument, Judge Nagala entered summary judgment against Plaintiff. *See Witt v. Armstrong,* 3:20-cv-1570 (SVN), ECF No. 28; 2022 WL 3043546 (D. Conn. Aug. 2, 2022). This action was commenced by Plaintiff *pro se,* approximately three months after Judge Nagala's ruling, and it is this prior litigation on which the Town Defendants rely when seeking dismissal under the doctrines of *res judicata* and collateral estoppel. Because Plaintiff's claims are so clearly barred by the applicable statute of limitations, the Court does not reach these alternative arguments.

[2] While the Court declines jurisdiction over Plaintiff's state law claims, it notes that Connecticut's statute of limitations for actions sounding in tort, including Plaintiff's trespass and injurious falsehood claims, is also three years. *See* Conn. Gen. Stat. § 52–577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of"); *Spencer v. Connecticut*, 560 F. Supp. 2d 153, 158 (D. Conn. 2008) ("Section 52–577 governs claims pursuant to the Connecticut Constitution and state common law.") (internal citations and quotations omitted). Under this analysis, Plaintiff's state law claims would be time-barred just as her federal claims are.

where federal claims have been dismissed at a relatively early stage of the litigation). Accordingly, the Town Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is dismissed in its entirety. The Clerk of the Court is directed to enter judgment and close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of March 2024.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE